UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARIYAH VARNER,

        Plaintiff,

                                 Case No. 1:26-cv-32

    v.

                                 JUDGE DOUGLAS R. COLE

POAH WASHINGTON PARK, LLC,
et al.,

        Defendants.

## OPINION AND ORDER

In reviewing the docket in this matter, one potential concern caught the Court's eye—the Notice of Removal raises a possible issue regarding subject-matter jurisdiction. Defendants removed on diversity grounds, but the original Defendants named in the state court complaint are not completely diverse from the plaintiff, Mariah Varner. In their removal papers, Defendants acknowledged the problem, but said it did not matter because the non-diverse Defendants were fraudulently joined, meaning that their citizenship would not count for diversity purposes. (Doc. 1, #4–6). Varner does not seem to contest the fraudulent-joinder argument; she simply amended her Complaint and dropped the non-diverse Defendants. (Doc. 5). But Varner's seeming acquiescence notwithstanding, the Court has an independent obligation to assess its subject-matter jurisdiction, which the Court notes is measured *as of the time of removal*. So the Court must evaluate whether removal was proper. Ultimately, the Court finds that Defendants Community Pendleton Preservation

Associates Limited Partnership and POAH Community Pendleton, LLC, were fraudulently joined, so the Court concludes it has jurisdiction.

### BACKGROUND[1]

This case involves a minor's potential exposure to mold and lead. In February 2022, Varner and her son, K.D.,[2] moved into Washington Park Apartments. (Compl., Doc. 2, #67). Several months later, Varner's son started developing health problems with no obvious explanation. (*Id.*). His symptoms included "coughing, wheezing, shortness of breath, chest tightness, sore throat, runny nose, nasal congestion, skin rashes, skin irritation, itchy eyes, watery eyes, headaches, dizziness, muscle aches, and fever." (*Id.* at #68). After K.D. had experienced these symptoms for about a year and a half, in December 2024, Varner detected "a strange odor in the air, and noticeable substance on the walls and near and/or around the air vents … after a basement flooding." (*Id.*). At some point after that, Varner had someone test the apartment. (*Id.* at #67). That testing revealed mold spores that allegedly could cause K.D.'s symptoms. (*Id.*). When Varner notified building management, they denied that there was any mold in the building and instead claimed that smoke caused the odor and substance. (*Id.* at #68).

---

[1] In recounting the facts of this case, the Court relies on the allegations in Varner's Complaint (Doc. 2), accepting them as true and resolving all factual ambiguities in her favor as the Court must at this stage. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Nonetheless, the Court reminds the reader that they are still just that—allegations.

[2] Varner refers to her son using his full name in her Complaint. (*See generally* Doc. 2). Federal Rule of Civil Procedure 5.2(a)(3), however, states that a party "may include only … the minor's initials." So the Court will refer to Varner's son as K.D.

2

Varner disagreed. She still believed the apartment had mold and that the mold caused her son's illness. So on December 9, 2025, she sued various related parties in Hamilton County's Court of Common Pleas that she believed owned or in some way managed the apartment complex. (*Id.* at #65, 67–68). The defendants she named all appear to be Preservation of Affordable Housing (POAH) entities. Specifically, she sued (1) Community Pendleton Preservation Associates Limited Partnership (CPPA), dba Preservation of Affordable Housing; (2) POAH Community Pendleton LLC; (3) POAH Inc.; (4) Washington Park Apartments; (5) unknown XYZ Corporations; and (6) unknown John Does. (*Id.* at #66). As for her claims for relief, she asserted four counts: (1) negligence and negligence per se, (2) implied warranty of habitability, (3) gross negligence for willful and wanton conduct, and (4) "negligent conduct causing private nuisance." (*Id.* at #68–73).

On January 12, 2026, within thirty days of the date on which they were served, Defendants removed the case to this Court. (Doc. 1). In their removal papers, Defendants first state that Washington Park Apartments is not a legal entity, and instead, the correct name for the legal entity is POAH Washington Park, LLC. (*Id.* at #1). More importantly for present purposes, Defendants also argue that Defendants CPPA and POAH Community Pendleton were fraudulently joined. (*Id.* at #1). Specifically, those two Defendants did not own or otherwise control the apartment complex at issue in any way. (*Id.* at #2). They suggested that there is, however, another relevant (and diverse) entity, POAH Communities LLC. (*Id.* at #4). With that understanding of the correct parties, Defendants then assert removal is proper. That

3

is because the Court has diversity jurisdiction when considering only the proper Defendants. (*Id.* at #3–4). For clarity's sake, those proper Defendants would be: (1) POAH Inc., (2) POAH Washington Park, LLC, and potentially (3) POAH Communities LLC.

On February 3, 2026, Varner essentially responded to this fraudulent joinder argument, not by arguing against it, nor by seeking remand, but instead by filing an Amended Complaint that dropped the non-diverse Defendants. (Doc. 5). There she listed only POAH Washington Park, LLC, POAH Communities LLC, and still unknown XYZ Corporations and John Does. (*Id.* at #92). Beyond the change in parties, the Amended Complaint also expanded on the factual allegations. Varner says that, in addition to mold, there was also lead in the apartment from chipping paint. (*Id.* at #93–94). As a result of that lead, in May 2025, K.D. had elevated levels of lead in his blood. (*Id.* at #94). And Varner alleges that Defendants did not disclose or otherwise warn of the potential presence of lead. (*Id.* at #93). On top of that, she claims there were also roaches and bed bugs in the apartment. (*Id.* at #94).

## LAW AND ANALYSIS

The Court starts by addressing the propriety of removal and the existence of diversity jurisdiction generally. Then, because complete diversity is lacking on the face of the Complaint, the Court evaluates Defendants' argument that the non-diverse Defendants were fraudulently joined, meaning that their citizenship would not count.

4

Defendants can remove a case from state court to federal court if the federal forum would have had original subject-matter jurisdiction. 28 U.S.C. § 1441. One way a defendant can make that showing is to demonstrate that the case satisfies the requirements of diversity under 28 U.S.C. § 1332. *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F. Supp. 3d 743, 747 (S.D. Ohio 2022). That is the path that Defendants seek to travel here.

Diversity jurisdiction has two elements: (1) no plaintiff may be a citizen of the same state as any defendant (the complete diversity requirement); and (2) the amount in controversy must exceed $75,000. *Id.* If both are met, the case is removable to federal court. Importantly, though, the "determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)).

Here, the complete diversity prong poses a hurdle for Defendants. Varner (and her son) are Ohio citizens. (Doc. 1, #3; *see* Doc. 2, #66–67). Admittedly, *some* of the Defendants are diverse from Varner and her son. For example, Defendants have presented evidence by way of an affidavit establishing that POAH Inc. is a citizen of Illinois and Massachusetts. (Doc. 1, #3 (citing Katz Decl., Doc. 1-2, ¶ 3)). Further, POAH Washington Park and POAH Communities are limited liability companies, and POAH Inc. is the sole member of each. (*Id.* at #4 (citing Doc. 1-2, ¶ 5)). So POAH Washington Park and POAH Communities are likewise Illinois and Massachusetts citizens. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)

(citations omitted) ("[A] limited liability company has the citizenship of each of its members."). But the streak ends there—CPPA and POAH Community Pendleton apparently are not diverse to Varner.[3] (Doc. 1, #4 (citing Doc. 1-2, ¶ 8)). That means that, at least at first glance, complete diversity is lacking, which in turn means that the Court lacks subject-matter jurisdiction and that removal was improper.

But Defendants claim they have an answer for that. They say that Varner fraudulently joined CPPA and POAH Community Pendleton. (*Id.*). Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012). Under that doctrine, even a case with non-diverse defendants can be removed "if it is 'clear that there can be no recovery [against the non-diverse defendants] under the law of the state on the cause alleged or on the facts in view of the law.'" *Id.* at 432–33 (quotation omitted).

The removing party bears the burden of showing fraudulent joinder. They can meet that burden in one of two ways: facially, by challenging the sufficiency of the pleadings; or factually, by going past the pleadings and raising a factual controversy. *Gentek*, 491 F.3d at 330. Here, Defendants appear to mount the latter challenge. In that setting, the allegations in the complaint and any facts asserted in the notice of removal that are not supported by evidence lose any presumption of truthfulness, and

---

[3] Defendants do not allege the citizenship of the two entities. But they admit that if their citizenship counts, they cannot satisfy complete diversity. (Doc. 1, #4). So the Court takes from that admission that they are citizens of Ohio.

the Court is instead empowered to "employ summary-judgment-like procedure[s] to examine affidavits" to determine whether jurisdiction exists. *Id.*

When asserting fraudulent joinder (under either avenue), the removing party "faces a particularly heavy burden." *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013). To defeat the fraudulent-joinder argument, the plaintiff need only show that "state law *might* impose liability on the resident defendant under the facts alleged." *Id.* (emphasis in original) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). "If there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the] Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party." *Coyne v. American Tobacco*, 183 F.3d 488, 493 (6th Cir. 1999) (cleaned up).

Defendants argue that all of the claims here involve "duties or obligations that the owner and/or operator of the Washington Parks Apartment purportedly owed to the Minor Tenant." (*Id.* at #6). And that matters, they say, because, in fact, CPPA and POAH Community Pendleton do not own or otherwise operate the apartment complex. (*Id.*; Doc. 1-2, ¶ 8). So Defendants maintain there is no "colorable basis" for Varner to recover from them. (*Id.*).

Importantly, Varner does not contest CPPA or POAH Community Pendleton's role. Indeed, she filed an Amended Complaint dropping them as parties after

7

removal. (Doc. 5). Additionally, at a telephonic status conference, Varner's counsel stated they did not challenge Defendants' argument on this point.

Especially in light of Varner's failure to counter Defendants' factual assertions, the Court finds that Varner fraudulently joined CPPA and POAH Community Pendleton. The Court agrees with Defendants that each of Varner's claims imposes potential liability only on those entities that have some ownership or management role that would create a duty or obligation to tenants. For example, her negligence claims require the defendant to owe a duty to the plaintiff, and the only duty she suggests is one that would arise from such ownership or control. (Doc. 2, #68–71). Similarly, to recover under an implied warranty of habitability theory, the defendant must be the plaintiff's landlord. *See* Ohio Rev. Code § 5321.04 ("A landlord … shall … keep the premises in a fit and habitable condition."). Because affidavit testimony establishes that CPPA and POAH Community Pendleton do not play any such role with regard to Washington Park Apartments generally, and thus Varner's unit specifically, (*see* Doc. 1, #3 (citing Doc. 1-2, ¶ 8)), Varner would not be able to recover against them. Given that record evidence, the Court agrees those two Defendants are fraudulently joined.

Just to be clear, in finding fraudulent joinder, the Court does not impute any improper motive to Varner. After all, "[t]he non-moving party's motive for joining the non-diverse party to the lawsuit is 'immaterial to [the Court's] determination regarding fraudulent joinder.'" *Walker*, 443 F. App'x at 951 (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). Rather, the finding

means only that CPPA and POAH Community Pendleton are not proper defendants, so the Court need not consider their citizenship for diversity purposes. *Casias*, 695 F.3d at 432.

Because "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds," *Coyne*, 183 F.3d at 493 (citations omitted), and because the remaining Defendants are completely diverse from Plaintiff, the Court finds that removal was indeed proper.

**SO ORDERED.**

April 24, 2026
 **DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

9